IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **FREDDIE WILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 1:17-CV-02012-VEH |
| ) | |
| **NAVIENT/ ECMC STUDENT** ) | |
| **LOAN PROVIDERS** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

This is a civil action which was filed on December 1, 2017, by the Plaintiff, Freddie Wilson, against the Defendant, Navient/ECMC Student Loan Providers ("Navient"). (Doc. 1). In the original Complaint, the Plaintiff alleged that Navient sent him a notice that his student loan account was "in collections and the collections fees was [sic] asses[ed] at $6,281.98 and there was another fee associated with this account in the amount of $1,880.75." (Doc. 1 at 2). The letter also stated that the Plaintiff's account was "in arrears to the tune of four years and . . . is in collections." (Doc. 1-1 at 2). The Plaintiff also alleged that

> the defendant[] failed to follow the laws enacted by Congress and properly serve and call the plaintiff as required by law and once it failed

to follow the law the defendant did not have the right to charge the plaintiff."

(Doc. 1 at 2). Wilson then claimed that the Defendant was liable for deprivation of his Constitutional right to due process (Count One); "deceptive trade practices" (Count Two); and defamation (Count Three).

The Plaintiff also sought to proceed *in forma pauperis* ("IFP"), and continues to do so. (Docs. 5, 10). When, as here, an IFP affidavit is sufficient on its face to demonstrate economic eligibility for IFP status, the court must "first docket the case and then proceed to the question of whether the asserted claim is frivolous."[1] *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault,* 525 F.2d 886, 891 (11th Cir. 1976)). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). In other words, an IFP action is frivolous "if it is without

---

[1] Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) a court may dismiss an action that is filed *in forma pauperis* if the court finds that the action is "frivolous or malicious." *See also, Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) ("Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP."); *see also Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) ("We agree with the analysis of the Sixth Circuit and hold that the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed i.f.p."); *Hayes v. United States*, 76 Fed. Cl. 762, 763 n.1 (2007) ("Although the language of the statute, by alternating between 'person' and 'prisoner,' immediately raises the issue of whether it applies to all persons or only to prisoners, courts generally accept that it applies to all persons.").

arguable merit either in law or fact .... [A]rguable means capable of being convincingly argued." *Id*. at 859-60 (citing *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001), and *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991)) (internal quotations and citations omitted).

The Court conducted a frivolity review and dismissed Count One with prejudice. (Doc. 16 at 8). It also noted that "[t]he Complaint, as currently pleaded, is deficient because jurisdiction [under 28 U.S.C. § 1332] is unclear" because:

> the Plaintiff alleges only that he is a "resident" of the state of Alabama. Furthermore,
>
>> [a] prisoner's place of incarceration does not establish citizenship. *Polakoff v. Henderson*, 370 F.Supp. 690, 693 (N.D.Ga.), aff'd, 488 F.2d 977 (5th Cir.1974). A prisoner's citizenship is determined by his domicile prior to incarceration. *Polakoff*, 370 F.Supp. at 693; *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir.1996) ("A forcible change in a person's state of residence does not alter his domicile; hence the domicile of [a] prisoner before he was imprisoned is presumed to remain his domicile while he is in prison."); *Lima v. Diaz*, No. 95–734–CIV–T–17B, 1995 WL 75922, at *1 (M.D.Fla. Dec.18, 1995).
>
> *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355–56 (M.D. Fla. 2001) (Presnell, J.). Absent an allegation by the Plaintiff that he is a <u>citizen</u> of any <u>state</u>, jurisdiction has not been properly pleaded and this Court cannot determine whether it has jurisdiction. **The Plaintiff will be allowed to amend his Complaint to plead his citizenship. Thereafter, the Court will reassess whether it has jurisdiction pursuant to 28 U.S.C. § 1332.**

(Doc. 16 at 5-6) (footnote omitted) (emphasis in original). The Court also ordered the Plaintiff to file an amendment to his Complaint "which states the Plaintiff's state of citizenship." (Doc. 16 at 8).

Even though the Plaintiff alleged jurisdiction based on diversity of citizenship, the court concluded that his <u>claims</u> likely "aris[e] under the . . . laws . . . of the United States," making jurisdiction proper under 28 U.S.C. § 1331. (Doc. 16 at 7-8). The Court ordered the Plaintiff to file and amendment to his Complaint which states:

> 1) the exact federal laws and/or regulations which the Defendant violated; and 2) how the Defendant violated each law and/or regulation, including: a) the specific conduct which was in violation of the law and/or regulation; b) the names of the person or persons who engaged in the conduct described; and 3) the specific date or dates on which each instance of the conduct occurred. Furthermore, the amendment must state: 1) whether his student loan account is actually in arrears; 2) the date, if any, that it first became in arrears; and 3) the date when any complained of actions by the Defendant occurred.

(Doc. 16 at 8). The Plaintiff was also warned:

> **<u>Should the Plaintiff fail to provide this amendment by February 2, 2018, his case will be subject to being dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or for failure to comply with this Court's orders.</u>**

(Doc. 16 at 8-9) (emphasis in original).

On January 11, 2018, instead of filing an "amendment" to his Complaint as ordered, the Plaintiff filed an "Amended Complaint," which is now the operative

4

pleading in this case. (Doc. 19). *See*, *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) ("'an amended complaint supersedes the initial complaint and becomes the operative pleading in the case'") (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir.2007)). In the Amended Complaint, the Plaintiff continues to allege that jurisdiction is appropriate pursuant to 28 U.S.C. § 1332.[2] However, the Plaintiff still only alleges that he "resides" in the state of Alabama, and does not allege his state citizenship. (Doc. 19 at 1). The Plaintiff has also filed an affidavit in support of his claim that there is diversity in this case. (Doc. 21). Nowhere in that affidavit does he state his state of citizenship or establish were he was domiciled prior to becoming incarcerated. Although he does state that he "has no intention on returning to the Tampa Area . . . where he was convicted" (doc. 21 at 2), that alone does not establish that he was domiciled there prior to his incarceration. Regardless, most of the Plaintiff's claims in his Amended Complaint arise out of alleged violations of federal regulations, issued pursuant to a federal statute, so the Court deems that jurisdiction is actually based on 28 U.S.C. § 1331, and 28 U.S.C. § 1367 (supplemental jurisdiction).

    The Amended Complaint alleges that

---

[2] As with his original Complaint, the Plaintiff does not actually cite the statute, but he is clearly asserting jurisdiction based upon it.

> 4. On the date of September 17, 2017[,] [t] plaintiff Freddie Wilson received a letter from the defendant . . . and pursuant to the letter that the plaintiff Freddie Wilson received at the Talladega Prison Camp it read as follows:
>
>> "ECMC is the current holder of the defaulted federal student loan, disbursed for educational expenses. This loan was disbursed on September 14, 2007, in the amount of $14,628.14[.]"
>
> 5. The defendant in this case never once prior to the notice that the plaintiff received on or about the date of September 20, 2017 attempted to call the plaintiff via his case manager or counselor and explain to him that there is outstanding balance being due and owing to this company.

(Doc. 19 at 1-2). In Counts One through Four the Plaintiff alleges that the Defendant violated several federal regulations. In Count five, the Plaintiff alleges that the Defendant violated Nevada Revised Statute 598.0915.

## II.   ANALYSIS

Count Five will be dismissed as there are no allegations in the Amended Complaint which plausibly allege that the Defendant was bound to comply with the requirements of any statute from the state of Nevada.

Counts One through Four allege violations of the following federal regulations: 34 C.F.R. § 682.410(b)(6); 34 C.F.R. § 682.410(b)(5)(ii); 34 C.F.R. § 682.410(b)(6)(ii); and 34 C.F.R. § 682.410(5)(iv)(b). These regulations are enacted

pursuant to the Higher Education Act of 1965. 28 U.S.C. § 1001, *et seq.* The Eleventh Circuit has explained:

> Congress enacted the Higher Education Act of 1965 to address the pressing need to provide financial assistance to students in higher education. Title IV of the HEA authorizes the Secretary of Education to administer several federal student loan and grant programs, including the Federal Family Education Loan Program (the Stafford Loan Program), federal PLUS loans, federal consolidation loans, and federal Perkins loans. Under these programs, lenders make guaranteed loans under favorable terms to students and their parents, and these loans are guaranteed by guaranty agencies and ultimately by the federal government.
>
> Because the United States guarantees these loans, the Secretary of Education has an interest in protecting the United States against the risk of unreasonable loss by ensuring that lenders employ due diligence in the collection of these loans. 20 U.S.C. § 1078(c)(2)(A). The HEA authorizes the Secretary of Education to promulgate regulations to carry out the purposes of these programs, and these regulations apply to third-party debt collectors . . . that attempt to collect loans on behalf of lenders and guaranty agencies. *See, e.g.*, 20 U.S.C. § 1078–3(d)(4); 20 U.S.C. § 1082(a)(1). It comes as no surprise that the Secretary has issued several regulations that articulate the standards for diligent collection of student loans. *See* 34 C.F.R. § 682.410; 34 C.F.R. § 682.411. For example, after a borrower misses a payment, the lender must send at least one written notice or collection letter to the borrower within 15 days that notifies the borrower of the delinquency. 34 C.F.R. § 682.411(c). If the debtor is still delinquent after 15 days, the lender must send four collection letters to the borrower and make four diligent efforts to contact the borrower by telephone; one telephone contact must occur on or before the 90th day of delinquency, one must occur after the 90th day of delinquency, and at least two of the collection letters must warn the borrower that if the loan is not paid, the default will be reported to all national credit bureaus. 34 C.F.R. § 682.411(d). These are just a few of the due diligence standards promulgated by the Secretary

> of Education, and they serve as a guide for lenders, guaranty agencies, and third-party debt collectors engaged in pre-litigation collection efforts.
>
> * * *
>
> [T]he HEA expressly empowers only the Secretary of Education—not debtors—with the authority to enforce the HEA and rectify HEA violations. 20 U.S.C. §§ 1070(b), 1071, 1082, 1094. It is well-settled that the HEA does not expressly provide debtors with a private right of action. *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1221 (11th Cir.2002) (listing cases that found no express private right of action under the HEA); *Parks Sch. of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995) ("There is no express right of action under the HEA except for suits brought by or against the Secretary of Education."). And this court recently joined several other circuits when it concluded that the enactment of the HEA did not create an implied private right of action. *McCulloch*, 298 F.3d at 1224–25.

*Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1122–23 (11th Cir. 2004); *see also*, *Bennett v. Premiere Credit of N. Am., LLC*, 504 F. App'x 872, 875 (11th Cir. 2013) ("'[i]t is well-settled that the HEA does not expressly provide debtors with a private right of action.'") (quoting *Cliff*, 363 F.3d at 1123). Since the Plaintiff has no private right of action under the HEA, his claims for violations of the regulations issued pursuant thereto fail as a matter of law. Counts One through Four are due to be dismissed.

As noted above, the Amended Complaint is now the operative pleading in this case. It does not contain the claims for "deceptive trade practices" or "defamation of

character" which were present in the original Complaint. (Doc. 1 at 2-3) (Counts Two and Three of the Original Complaint). Accordingly, the court need not address the viability of those claims. Regardless, those claims lack merit as well, since the Plaintiff does not explain in his original Complaint which law the Defendant allegedly violated so as to constitute "deceptive trade practices." Furthermore, neither the original Complaint nor the Amended Complaint plausibly alleges facts which demonstrate that the Defendant defamed the Plaintiff.[3]

## III. CONCLUSION

Based on the foregoing, the Motion To Proceed *In Forma Pauperis* will be **DENIED**, and this case will be **DISMISSED** as frivolous pursuant to 28 U.S.C. §

---

[3] Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). However, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted). Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

1915(e)(2)(B)(i). A Final Order will be entered.

**DONE** and **ORDERED** this 13th day of February, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge